## Robert Montgomery and others v. Alexander Henry.

Where a recognizance of special bail is lost from the files of the Court, and the plaintiff moves to substitute a copy to stand in lieu of the original, he must give the sureties notice of the motion; and the Court has no jurisdiction to order the substitution to be made without such notice.

*Heard April 9th. Decided April 22d.*

Error to Ingham Circuit. The case is sufficiently stated in the opinion.

*J. W. Longyear*, for plaintiffs in error.

*O. M. Barnes*, for defendant in error.

CAMPBELL J.:

This was an action upon a recognizance of special bail, alleged to have been given in a case wherein Robert Henry was plaintiff and Alexander Montgomery was defendant.

Upon the trial the original recognizance was not introduced, but only a substituted copy of a recognizance ordered to stand in lieu of the original which was said to be lost. The order of substitution was made upon the application of the plaintiff Henry, upon notice to Alexander Montgomery. No notice was given to the sureties, and they did not appear on the motion. An objection made on this account in the Court below to the introduction of the substituted copy of the recognizance was overruled.

We think the Court below erred in receiving the proofs. The action of the Circuit Court in allowing an alleged copy to be substituted in lieu of the original directly affected the sureties by establishing against them a liability to respond for the debt of another person, without giving them any opportunity to be heard. There was nothing then standing of record to charge them; and the fact of their liability, which was sought to be fixed by the proceeding, was made out on what was, as to them, an *ex parte* proceeding, on affidavits. This is against every principle of judicial action. No court can lawfully adjudge any person to be responsible in any shape, without giving him a proper opportunity to be heard in his own behalf. This notice is necessary to give the court jurisdiction. The so-called amendment relied on was in effect an adjudication that the plaintiffs in error had agreed in due form of law to pay any judgment rendered

against Alexander Montgomery upon his default. They cer-. tainly had a legal right upon such a motion to controvert the allegations of the plaintiff by showing that no lawful recognizance made by them had ever been on the files of the Court.

It is unnecessary to consider any of the other points raised in the case, and we therefore omit any discussion of the questions open on suits of this nature.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.